UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUIS SUCRE-GALEA (A240 155 901), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01583-JRS-MG |
| | ) | |
| MARKWAYNE MULLIN Secretary, U.S | ) | |
| Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Luis Sucre-Galea has been ordered removed from the United States but is subject to an order of release on recognizance (OREC) permitting him to remain free from detention while the government seeks to arrange his removal. Mr. Sucre-Galea has initiated a habeas corpus action but has not filed a petition for a writ of habeas corpus or other pleading. Instead, he has filed only a motion for a temporary restraining order and supporting documents. Dkts. 1, 2.

The same standards apply to temporary restraining orders (TRO) that apply to preliminary injunction orders. *See Carlson Group, Inc. v. Davenport*, No. 16-cv-10520, 2016 WL 7212522, at *2 (N.D. Ill. Dec. 13, 2016). To obtain a TRO, the moving party has the burden of showing that: "(1) they have a reasonable likelihood of success on the merits; (2) they have no adequate remedy at law; and (3) they will suffer irreparable harm without injunctive relief." *Stifel, Nicolaus & Co. v. Lac du Flambeau Band of Lake Superior Chippewa Indians*, 807 F.3d 184, 193 (7th Cir. 2015). If the moving party meets this threshold burden, then the court balances the harm to the movant absent a TRO against the harm to the opposing party if a TRO were granted, and considers the public interest in granting or denying a TRO. *See id.* A TRO "'is an extraordinary and drastic

remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *See Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Mr. Sucre-Galea asks the Court to enjoin the government from arresting him and placing him in immigration detention when he reports for an appointment on August 4, 2026. This motion is denied for several reasons.

First: Mr. Sucre-Garcia has not filed a complaint, a petition for a writ of habeas corpus, or another pleading as the basis for this action. A TRO motion is not a pleading. It is a tool for obtaining interim and extraordinary relief while broader litigation plays out. *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (cleaned up); *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). The rules organizing federal litigation and the standard for earning preliminary injunctive relief demonstrate that a TRO motion is not a freestanding case. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Rules 1 & 2, *Rules Governing 2254 Cases* (discussing filing of petition and application to habeas cases under 28 U.S.C. § 2241). The Court cannot determine the likelihood that the movant will prevail on the merits of the case if there is no broader case.

Second: Assuming Mr. Sucre-Garcia's standalone TRO motion was viable, he has not demonstrated a likelihood of success on the merits. His filings indicate that he is subject to a removal order and that more than 90 days have passed since it became administratively final. Dkt. 1-1 at 1–4. By statute, he "may be detained." 8 U.S.C. § 1231(a)(6).

2

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention under § 1231(a)(6) may not be indefinite. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and, once detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute. *Id.* at 699–700. To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Mr. Sucre-Garcia is not presently detained. His filings do not tell how much, if any, time he spent in detention after his removal order became final. No evidence speaks to the likelihood that he will be removed in the reasonably foreseeable future. He has not made a clear showing that his detention would be barred by *Zadvydas*. *Goodman*, 430 F.3d at 437.

Any assertion that Mr. Sucre-Garcia has a separate due process protection against post-removal order detention also fails. Practically, the claims merge into one because "the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024); *see also Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) ("Because the *Zadvydas* Court set forth this 'reasonable foreseeability' test in order to prevent § 241 from violating the Due Process Clause, we may safely assume that this test articulates the outer bounds of the Government's ability to detain aliens (other than those serving criminal sentences) without jeopardizing their due process rights. Under *Zadvydas*, then, detention of an alien 'once removal is no longer reasonably foreseeable' not only violates § 241, it also violates the Due Process Clause.").

Finally: To the extent Mr. Sucre-Garcia's OREC protects him against redetention, the government may revoke discretionary release according to specified procedures. *See* 8 C.F.R. § 236.1(c)(9) ("[S]uch release may be revoked at any time in the discretion of" specified officials.); 8 C.F.R. § 241.4(l)(2) (authorizing specified officials to revoke release based on specified findings). Any claim that those protections have been or will be violated is not yet ripe. *Church of Our Lord & Savior Jesus Christ v. City of Markham, Illinois*, 913 F.3d 670, 676 (7th Cir. 2019) ("The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems. . . . The doctrine's underlying objective is to avoid premature adjudication and judicial entanglement in abstract disagreements."). The Court cannot enjoin Mr. Sucre-Garcia's arrest based on an assumption that the government will arrest him unlawfully. And, to enjoin the government from detaining him except lawfully would amount to an advisory opinion outside this Court's jurisdiction. *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) ("For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.") (quotation omitted).

The motion for temporary restraining order, dkt. [2], is **denied**. The petitioner will have **seven days** to file a pleading or appropriate request for action by the Court, or the action will be dismissed.

**IT IS SO ORDERED.**

Date: 07/31/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Andrea Ochoa
aochoa@krilaw.com